# EXHIBIT 13

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| BRAVADO INTERNATIONAL GROUP | § | |
| MERCHANDISING SERVICES, INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. H-24-585 |
| v. | § | |
| | § | |
| JOHN DOES 1-100, JANE DOES 1-100, | § | |
| and XYZ COMPANY, | § | |
| | § | |
| Defendants. | § | |

**TEMPORARY RESTRAINING ORDER; SEIZURE ORDER; AND ORDER TO SHOW
CAUSE WHY A PRELIMINARY INJUNCTION AND SEIZURE ORDER SHOULD
NOT ISSUE**

Based upon the Complaint, the Memorandum of Points and Authorities, the Declaration of

Ashley Fogerty and the Certificate of Counsel of Cara R. Burns, and good cause being shown:

**IT IS HEREBY ORDERED** that defendants John Does 1-100, Jane Does 1-100 and XYZ

Company (collectively "Defendants"), their true identities being unknown, show cause before the

Honorable Lee H. Rosenthal, United States District Judge, by Zoom on March 5, 2024 at 1:00

p.m., why an order pursuant to Fed. R. Civ. P. Rule 65, the Lanham Act 15 U.S.C. § 1051 *et seq*.,

and the All Writs Act should not be entered granting to Plaintiff Bravado International Group

Merchandising Services, Inc. ("Plaintiff") a preliminary injunction to enjoin the Defendants from

manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters

and other merchandise (collectively, the "Infringing Merchandise") and to seize the same bearing

the federally registered trademarks, service marks, likenesses, logos and other indicia of the

performer, "OLIVIA RODRIGO" (collectively, the "Artist's Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are selling or are about to sell and distribute the Infringing Merchandise bearing any or all of the Artist's Trademarks as set forth in Plaintiff's Complaint and Declaration, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's Complaint, and that unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Artist's Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Artist's Trademarks, and impairment of the good will Plaintiff and its licensors have in the Artist's Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) court days from the date hereof, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing any or all of the Artist's Trademarks;

**AND IT IS FURTHER ORDERED** that pursuant to 1116(a), the United States Marshal for this District or any district in which Plaintiff enforces this order, the state police, local police

2

or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Artist's Trademarks (namely of "OLIVIA RODRIGO") which Defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from three (3) hours before to three (3) hours after any performance of the tour within a three (3) mile vicinity of the halls, stadiums or arenas at which said tour shall be performing, including but not limited to in connection with the concerts to be held on February 27, 2024 at the Toyota Center in Houston, Texas;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of $5,000 no later than February 28, 2024, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before March 5, 2024. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before March 12, 2024. Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that pursuant to F.R.C.P. Rule 65 (d), any defendant can apply to this Court for modification/dissolution of this Order on two (2) days' notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

SIGNED on February 26, 2024, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge

4