LOEB & LOEB LLP
JOHN A. PISKORA (NJ ID 005412001)
jpiskora@loeb.com
FRANK D. D'ANGELO (*pro hac vice forthcoming*)
fdangelo@loeb.com
JEFFREY C. PRYSTOWSKY (*pro hac vice forthcoming*)
jprystowsky@loeb.com
345 Park Avenue
New York, NY  10154
Telephone:  +1 212-407-4000
Facsimile:    +1 212-407-4990

Attorneys for Plaintiffs,
HYBE Co. Ltd., BIGHIT MUSIC Co. Ltd., and
HYBE America Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HYBE CO. LTD. F/K/A/ BIG HIT ENTERTAINMENT CO. LTD., BIG HIT MUSIC CO. LTD. AND HYBE AMERICA INC.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**JOHN DOES 1-100, JANE DOES 1-100, AND XYZ COMPANIES 1-100,**<br><br>**Defendants.** | **Case No. 26-cv-08572-KSH-CF**<br><br><br>**TEMPORARY RESTRAINING ORDER; SEIZURE ORDER; AND AN**<br>**ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |

Upon the Complaint, the Emergency Motion and Legal Memorandum, the Declaration of Frank D'Angelo with accompanying exhibits, the Declaration of JooHae Kim with accompanying exhibits, the Declaration of Andrew Polner with accompanying exhibits, the Declaration of Seon Jeong Shin, the Declaration of Dylan Dae Woo Kim, the Declaration of John Carruthers with accompanying exhibits, and such other matters and argument presented to the Court, and good cause having been shown;

**IT IS HEREBY ORDERED** that defendants, various John Does, Jane Does, and XYZ Companies, their true identities being unknown (collectively, "Defendants"), show cause before the Honorable Katharine S. Hayden, United States District Court Judge, in **Courtroom 5** of the United States District Court for the District of New Jersey, located at Frank R. Lautenberg Post Office & U.S. Courthouse, 2 Federal Square, Newark, NJ 07102, at **11:30 a.m. on August 11, 2026**, or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. Rule 65, the Lanham Act, 15 U.S.C. § 1051 *et seq*. and Local Rule 65.1, should not be entered, granting to Plaintiffs HYBE Co. Ltd. f/k/a Big Hit Entertainment Co. Ltd., BIGHIT MUSIC Co. Ltd., and HYBE America Inc. (collectively, "Plaintiffs") a preliminary injunction enjoining Defendants, and all those acting in concert with Defendants, from manufacturing, distributing, selling or offering for sale all clothing, photographs, posters, toys, stickers, and other

2

merchandise (collectively, the "Bootleg Merchandise") bearing the registered trademarks, service marks, names, likenesses, logos, and other indicia (collectively the "Trademarks") of the musical group known as BTS (the "Artist").

**AND IT APPEARING TO THE COURT** that Defendants, and those acting in concert with Defendants, have sold and distributed, are about to sell and distribute, and will continue to sell and distribute, the Bootleg Merchandise bearing the Trademarks in connection with the U.S. leg of the Artist's BTS WORLD TOUR ARIRANG (the "Tour"), as set forth in Plaintiffs' Complaint, Emergency Motion and Legal Memorandum, and accompanying papers, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiffs before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute, and sell infringing merchandise, and will continue to do so, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiffs will suffer immediate and irreparable injury and harm in the form of lost income, lessening and dilution of the value of the Trademarks, interference with Plaintiffs' ability to exploit, market, and license their merchandising rights respecting the Trademarks, confusion in the marketplace as to the duly authorized

3

source of the Bootleg Merchandise, and impairment of the goodwill Plaintiffs and their licensees have in the Trademarks;

**AND IT APPEARING TO THE COURT** that an Order should issue without notice because Defendants' identities will not be known until they are stopped, served with the Order, and their goods are seized, and that notice to Defendants would threaten destruction of the disputed property, removal of the disputed property beyond the Court's jurisdiction, or sale of the disputed property to an innocent third party;

**IT IS HEREBY ORDERED** that, pending a hearing and determination of this application, the Defendants and their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms and corporations acting in concert with said Defendants, be and hereby are temporarily restrained and enjoined from manufacturing, distributing, and selling the Bootleg Merchandise bearing the Trademarks; and

**IT IS FURTHER ORDERED** that pursuant to 15 U.S.C. § 1116(a), the United States Marshal for this District or any district in which Plaintiffs enforce this order, the state and local police, local deputy sheriffs, off duty officers of the same, Plaintiffs' representatives, and persons acting under the supervision of any of the foregoing persons, are hereby authorized to seize and impound any and all Bootleg Merchandise bearing the Trademarks which Defendants, or those acting in concert

4

with Defendants, attempt to sell or are holding for sale, including from any carton, container, or other means of carriage in which the Bootleg Merchandise is found, from three (3) days before to three (3) days after any U.S. concert performance of the Artist's Tour within a ten (10) mile vicinity of the stadiums or arenas at which said Tour shall be performing, including, but not limited to, MetLife Stadium in East Rutherford, New Jersey, in connection with the concerts to be held there on August 1, 2026 and August 2, 2026, and with officially licensed retail sites operating in connection with U.S. concert performances of the Artist's Tour; and

**IT IS FURTHER ORDERED** that such confiscated Bootleg Merchandise shall be delivered to Plaintiffs' counsel or representatives, or their designees, pending final disposition of this action; and

**IT IS FURTHER ORDERED** that this temporary restraining order be and is hereby conditioned upon Plaintiffs' filing with the Clerk of this Court an undertaking in the form of a bond, check, or cash in the amount of $5,000 no later than July 30, 2026, to secure the payment of costs and damages, not to exceed such sum, as may be suffered or sustained by any party who is found to be wrongfully restrained hereby; and

**IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiffs advancing to the law enforcement officers such sum as may be required or directed by the same, if they are so required or directed, to

cover the fees for their said services, in the event Plaintiffs seeks their services in this or any other district; and

**IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiffs, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient; and

**IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Bootleg Merchandise is seized and that the Plaintiffs shall be deemed substitute custodian for all Bootleg Merchandise seized; and

**IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiffs by delivering copies to its counsel on or before August 5, 2026. Any reply shall be filed by the Plaintiffs and served upon each appearing Defendant or his/her

6

counsel on or before August 7, 2026.  Plaintiffs are to provide copies of all other filed pleadings at the request of any identified Defendant; and

**IT IS FURTHER ORDERED** that any Defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his, her, or its objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

DATED: July 28, 2026    _s/Katharine S. Hayden_
At: 1:00 p.m.
Newark, New Jersey    **Hon. Katharine S. Hayden, U.S.D.J.**

7