LOEB & LOEB LLP
JOHN A. PISKORA (NJ ID 005412001)
jpiskora@loeb.com
FRANK D. D'ANGELO (*admitted pro hac vice*)
fdangelo@loeb.com
JEFFREY C. PRYSTOWSKY (*admitted pro hac vice*)
jprystowsky@loeb.com
345 Park Avenue
New York, NY  10154
Telephone:  +1 212-407-4000
Facsimile:   +1 212-407-4990

Attorneys for Plaintiffs,
HYBE Co. Ltd., BIGHIT MUSIC Co. Ltd., and
HYBE America Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HYBE CO. LTD. F/K/A/ BIG HIT ENTERTAINMENT CO. LTD., BIG HIT MUSIC CO. LTD. AND HYBE AMERICA INC.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**JOHN DOES 1-100, JANE DOES 1-100,  AND XYZ COMPANIES 1-100,**<br><br>**Defendants.** | **Case No. 2:26-cv-08572-KSH-CF**<br><br>**PRELIMINARY INJUNCTION  AND  SEIZURE ORDER** |

Plaintiffs HYBE Co. Ltd. f/k/a BIGHIT Entertainment Co. Ltd., BIG HIT MUSIC Co. Ltd. and HYBE America Inc. (collectively, "Plaintiffs") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling and distributing merchandise and seizing the same, bearing the trademarks, service marks, names, likenesses, logos, and/or other indicia of the Group **"BTS"** (collectively, the "Group's Trademarks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Group's concerts which have previously occurred; and Plaintiffs' application having come on for a hearing before the Honorable Katharine S. Hayden on the 11th day of August, 2026, at the United States Courthouse for the District of New Jersey, Frank R. Lautenberg Post Office & U.S. Courthouse, 2 Federal Square, Newark, New Jersey 07102, and Plaintiffs having appeared by their attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiffs' application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds as follows:

1. By reason of the substantial and continuous use of the Group's Trademarks in connection with the Group's work as performers, said marks have

acquired meanings identified with the Group and with products and services associated with them;

2.     The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiffs' rights in the Group's Trademarks, and have as well committed acts of unfair competition against Plaintiffs herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Trademarks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.     Defendants' acts, and those in active concert or participation with them, constitute a violation of the Lanham Act in that they involve goods or services, are activities which affect interstate commerce, and infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiffs and/or the Group with respect to such goods;

4.     Defendants' acts, and those in active concert or participation with them, constitute a violation of the Group's right of publicity in that they exploit the Group's names and likenesses for commercial purposes, namely in connection with the sale of merchandise, without the permission of Plaintiffs and/or the Group;

3

5.      Defendants, and those in active concert or participation with them, will continue to sell such infringing merchandise unless enjoined by the Court; and

6.      Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Cause Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiffs' application in this case have been served upon the defendants and infringing, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, employees, representatives, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)     Using any or all of the Group's Trademarks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which uses any or all of the Group's Trademarks; or

(C)     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the United States Marshal for this district or any district in which Plaintiffs enforce this order, the state and local police, local deputy sheriffs, off duty officers of the same, Plaintiffs' representatives, and persons acting under the supervision of any of the foregoing persons (collectively "Process Servers") are hereby authorized to seize and impound any and all infringing merchandise bearing any or all of the Group's Trademarks, namely, the trademarks, service marks, names, likenesses, logos, or other indicia of the Group (namely "BTS"), or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from three (3) days before to three (3) days after any performance of the Group within a ten (10) mile vicinity of the stadiums, arenas or other places at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Group's Trademarks, or any colorable imitations or variations thereof, being sold, offered for sale or held for sale in the vicinity of the stadiums, arenas or other places at which the Group shall be performing, or elsewhere where such merchandise is being sold, offered for sale,

held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order together with the Complaint be made upon defendants by the Process Servers at the time of the seizure provided for herein is undertaken and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all infringing items seized in this action be delivered up to the Plaintiffs or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond previously deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party found to

6

have been wrongfully enjoined thereby is continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: August 11, 2026                    _s/Katharine S. Hayden_
                                                  Hon. Katharine S. Hayden U.S.D.J.